NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

FOTINI KATSOUDAS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

Civil Action No. 16-3518 (SRC)

**OPINION**

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Fotini Katsoudas ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 15, 2012. A hearing was held before ALJ Theresa Merrill (the "ALJ") on December 18, 2014, and the ALJ issued an unfavorable decision on February 9, 2015, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of February 9, 2015, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds, but this Court need only reach the argument that succeeds: the ALJ erred in her residual functional capacity determination at step four by overlooking significant conflicting evidence.

Plaintiff contends that the ALJ did not address the evaluation by treating physician Dr. Bryan Kelly. In opposition, the Commissioner does not dispute the basic facts – that the record contains an evaluation form from Dr. Kelly, and the ALJ did not mention it – but, rather, argues: "it is evident from the ALJ's decision that the ALJ found that Dr. Kelly did not offer a 'medical opinion' with respect to Plaintiff's functioning." (Def.'s Opp. Br. 9.) The Commissioner pointed to the fact that the record contains one form from Dr. Kelly which states that he is not able to provide an opinion regarding Plaintiff's ability to work, and that, while there is another form in the record which states that Plaintiff cannot sit for more than two hours in an eight-hour workday, and it has Dr. Kelly's name on it, there is no signature page. The Commissioner argues that, because there is no signature page, somehow it was "reasonable" for the ALJ to ignore Dr. Kelly's evidence entirely. (Def.'s Opp. Br. 9.)

This Court finds the Commissioner's arguments in opposition totally unpersuasive. The Third Circuit has held:

> In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another. However, when a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.

Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-506 (3d Cir. 2009) (citations omitted). In the instant case, the ALJ appears to have either overlooked or rejected the evidence from Dr. Kelly and has not provided a reason for the omission of this evidence from consideration. This Court cannot review a decision in which the ALJ has failed to explain the reason why she did not credit or even consider Dr. Kelly's opinion. This Court declines the Commissioner's invitation to imagine why the ALJ did what she did, and to affirm the imaginary rationale. Nor does this Court agree that Dr. Kelly's evaluation form does not constitute a medical opinion.

This determination is not amenable to meaningful review. An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation for the lack of consideration of significant contradictory evidence to permit meaningful review. The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

The ALJ's residual functional capacity determination at step four does not contain sufficient explanation to allow meaningful review. For this reason, this Court finds that the

Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: September 8, 2017